PHEBE G. STRAWN *et al.*

*v.*

WILLIAM STRAWN *et al.*

1. DOWER—*right of the widow in the purchase money paid for lands.* Where the administrator of an estate pays the purchase money for certain lands out of the money of the estate, and receives the deed therefor, executed prior to the

death of his intestate, and in pursuance of a contract entered into before his death, such contract being a valid claim against the estate for such purchase money, the widow cannot elect to claim her dower in this land, or in lieu thereof, one-third of the purchase money so paid out of the personal estate of her husband. The money has gone in payment of the lands, and the widow must be content to take her dower.

2. ATTORNEYS FEES—*taxed as costs.* In a suit for partition and the assignment of dower, which was not of an amicable character, but was litigated between the parties, the attorneys fees paid by the parties prosecuting cannot be taxed as costs in the proceeding.*

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The facts are fully stated in the opinion of the court.

Mr. WILLIAM THOMAS, for the appellants.

Mr. I. J. KETCHUM, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill for partition and the assignment of dower, filed by a part of the heirs of Jacob Strawn, deceased, against their co-heirs and the widow. A part of these lands had been purchased by Strawn in his life time, and a deed to him had been executed and sent by the vendor, living in Kentucky, to an agent in Jacksonville, to be delivered on the payment of the money. The deed arrived during the last sickness of Strawn, and was therefore not delivered prior to his death. After his death, his widow, who was administratrix, paid the money due,

---

*Since this case was decided, the act of April 19, 1869, was passed, which provides, " that, in proceedings in any of the courts of this State, for the partition of real estate, or for the assignment of dower, or for either, it shall be lawful for the court to order that a reasonable fee be allowed the solicitor or solicitors prosecuting, to be determined by the court, which shall be taxed as costs, and divided *pro rata* between the parties to the proceeding, according to their respective interests."

from the funds of the estate, and received the deed. The appellees desire to assign her dower in the lands thus purchased, but she claims the right to receive, instead of dower, one-third, absolutely, of the money paid, as a part of the personal estate.

There is no ground for the claim set up by the widow. She can not be permitted to say that the vendor of these lands had not a valid claim against the estate, for she has recognized its validity by paying it in her capacity as administratrix. To undertake to charge that payment entirely upon the distributive shares of the heirs, on the ground that it was made for their benefit, when they were not consulted in regard to it, and it was made in discharge of a debt due from the estate, and out of the general funds of the estate, would be most unreasonable. The money has gone in payment of the lands, and the widow must be content to take her dower.

In this case, the Circuit Court taxed as costs against the defendants, their share of the sum of $3,600, as a fee to the solicitors of complainants. On what basis this fee was fixed does not appear, but that it was improperly taxed against the defendants, there can be no doubt. The proceeding was not an amicable one.

The defendants appeared by their own solicitors, as they had the right to do, and why they should be required to assist in paying the counsel of complainants, we do not perceive. Here was a great estate to be divided, and if the parties could not agree upon a division, and litigation became necessary, each was entitled to have his interests protected in court by counsel of his own selection, and one party can not, under our practice, be compelled to pay the fees of the other.

That portion of the decree taxing the fees of complainants' counsel in part against the defendants below, is reversed. In other respects, the decree is affirmed.

*Decree modified.*