CAROLINE EIMER

*v.*

GEORGE J. EIMER *et al.*

1. ATTORNEY'S FEES—*not taxable as costs.* In a suit for partition and the assignment of dower, on the motion of solicitors for the complainant, on the coming in of the master's report, for an order on the master to pay them out of the proceeds of the sale, their fees in the case, and the court so ordered, it was

*held*, that under the practice of our courts, statutory costs alone are taxable, and that, as solicitor's fees are not of this character, it is error for the chancellor to allow them, or decree their payment.*

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts are fully stated in the opinion.

Mr. JOSEPH SCHLERNITZAUER, for the plaintiff in error.

Mr. W. H. UNDERWOOD, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a petition for partition and the assignment of dower, in certain real estate, belonging to the heirs of Simon Eimer, deceased, and which they had inherited from him, and in which his widow had dower. On the hearing, the court ascertained and settled the rights of the several parties, and appointed commissioners to make partition, and to assign the widow's dower. They afterwards reported that neither partition could be made nor dower assigned in the premises, and the court thereupon decreed the sale of the premises, and empanelled a jury to ascertain the yearly value of the widow's dower in the premises, which was found, and decreed to be paid, and also to be and remain a lien on the land as a security for its payment.

---

*Since the decision of the court in this case, the legislature passed the following act, entitled "*An act to amend chapter '79 of the Revised Statutes of* 1845": Sec. 1. Be it enacted by the people of the State of Illinois, represented in the general assembly, that, in proceedings in any of the courts of this State, for the partition of real estate, or for the assignment of dower, or for either, it shall be lawful for the court to order that a reasonable fee be allowed the solicitor or solicitors prosecuting, to be determined by the court, which shall be taxed as costs, and divided *pro rata* between the parties to the proceeding, according to their respective interests. Sec. 2. This act shall take effect and be in force from and after its passage. In force April 16, 1869.

At a subsequent term of the court, the master reported a sale of the premises, which was approved by the court. And, thereupon, the solicitors of the petitioners entered a motion for an order on the master in chancery to pay them their fees for professional services in the case. On the hearing, the court below ascertained the amount and ordered the master, from the proceeds of the sale, to pay them the sum of $500.00, as a fee in the case, out of the money arising from the sale, and if not paid within thirty days, that execution issue as at common law. The assignment of error questions the correctness of the decree in favor of the attorneys in the case, but raises no question as to any portion of the previous proceedings.

Under the practice of our courts, statutory costs alone are taxable, and attorneys' or solicitor's fees not being of that character, this court has repeatedly held that it was error for the chancellor to allow such fees, or to decree their payment. The first case to which we have been referred is *Adams* v. *Payson*, 11 Ill. 26. In that case, the master to whom the case was referred, to ascertain and report the amount due complainant from defendant on a mortgage, included a solicitor's fee of $30.00, for which, as well as the mortgage debt, a decree was rendered. On error this decree was reversed, so far as it related to the solicitor's fee. The court, in delivering the opinion, says: " That part of the decree must, undoubtedly, be reversed. No claim for that fee is set up in the bill, and the defendant had no opportunity of defending the claim. The court could not give the complainant more than he asked, and showed by his bill that he was entitled to."

The next case that arose was *Constant* v. *Matteson*, 22 Ill. 546. It was there said, " The court below erred in allowing Matteson a solicitor's fee, to be taxed on the fund as costs in the case. The statute regulating fees of officers, provides for no such fee as that of an attorney or solicitor; and the court must, in taxing and allowing costs, look to the statute as its

warrant of authority. While a court of equity has a discretion in awarding costs in chancery causes, it must confine that discretion to the fees allowed by the statute." And the rule announced in these cases has been followed in *Strawn* v. *Strawn*, 46 Ill. 412. These cases are to the point, and must control this. And it was error in the court below to render a decree for the solicitors' fees, and to that extent the decree is reversed, and must stand affirmed as to the residue.

*Decree modified.*