## John S. Cook

*v.*

## Isadore F. W. Gilmore *et al.*

*Filed at Ottawa May 14, 1890.*

Trustee—*compensation—whether allowable.* A trustee appointed by order of court to take charge of a trust fund, will be entitled to have allowed him all money actually expended, in good faith, for the preservation of the trust estate, but he can recover nothing for his personal or professional services in respect of his trusteeship, in the absence of any provision in the order of the court appointing him, or of a contract or stipulation with the parties.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

In 1882 appellee Addison R. Gilmore filed in the circuit court of Cook county, against the other appellees and Frederick Ayer, a bill for partition of certain real estate. By virtue of such proceeding, the premises sought to be partitioned were sold to Ayer. By agreement of all the parties to that proceed-

ing, the court constituted $32,000 of the proceeds of the sale a trust fund. Seventeen thousand dollars of that amount, representing the dower of appellee Isadore F. W. Gilmore in the interest held by the adult heirs of her deceased husband, Robert A. Gilmore, was to be kept at interest, and the interest paid to the widow during her life, and after her decease to be distributed to such adult heirs. Five thousand dollars, representing her dower in the interest of Robert T. Gilmore, a minor, was also to be kept at interest, and the interest to be paid to the widow, and the principal, at her death, to said Robert. Ten thousand dollars thereof was to be also kept at interest, and the same paid to the widow, as guardian of Robert during his minority, and the principal to be paid to him upon his arriving at majority. By like agreement and consent of the adult parties, Robert S. Wilson was appointed trustee of this fund. Wilson subsequently died, and appellant was, at the request of appellees, appointed trustee, and given custody of the securities representing the trust fund, but the order appointing him contained no provision for compensation, nor was any stipulation therefor made by the parties. Appellant performed the duties for several years, paying over the interest monthly to the *cestui que trust*, or arranging so that she drew it, and substituting his receipts for hers. The fund, when it came to his hands, was in the form of notes given by Ayer, and secured, and the securities remained unchanged, except that a portion of the principal was drawn down, being the $10,000 note payable to said Robert at his majority,—and which he attained at or prior to November 1, 1888,—and certain sums drawn from the $17,000 note, thereby reducing the fund in the trustee's hands, at the time of rendering his account, to $20,380. No complaint is made in respect of such reduction of the principal, it having occurred at the solicitation and consent of all the beneficiaries, immediate and remote. The trustee, Cook, received as interest, and paid over, according to the terms of the trust, $11,155.24. Cook, December 3,

1888, filed his petition in the circuit court, asking to be discharged, the same having been requested by the beneficiaries of the fund in his hands, and for a settlement of his accounts, in which, among other things, he prayed to be allowed compensation for his services in performing the trust.

Answers were filed, consenting to appellant's discharge and praying for the appointment of a successor in trust, admitting the correctness of his accounts, but denying his right to compensation, etc. The cause was referred to a master, who reported that appellant's services were worth $3000. The court sustained exceptions to that portion of the report, approved the report and discharged the trustee, but refused to make any allowance for compensation, and rendered its decree accordingly. On appeal, the Appellate Court affirmed this decree, and the trustee prosecutes this appeal.

Mr. Lynn Helm, for the appellant:

A trustee appointed by a court is equitably entitled to a reasonable compensation for his time, labor and trouble in the execution of a trust created by a decree of court, either in form of commissions upon the property under his care, or of a gross sum charged upon it. 2 Perry on Trusts, sec. 904; 2 Story's Eq. Jur. sec. 1268; 2 Pomeroy's Eq. Jur. 1084; *Constant* v. *Matteson*, 22 Ill. 559; *Huggins* v. *Rider*, 77 id. 360; *Robinson* v. *Pett*, 3 P. Wms. 251; 2 Lead. Cas. 206; *Boyd* v. *Hawkins*, 2 Dev. Eq. 329; *Bonney* v. *Sanders*, 16 How. 535; *Jenkins* v. *Eldridge*, 3 Story, 325.

The current weight of authority warrants the allowance of such compensation, and there is no law to the contrary. 1 Perry on Trusts, sec. 7; *Hough* v. *Harvey*, 71 Ill. 72; *Willard* v. *Bassett*, 27 id. 37.

Mr. Charles S. Miller, for the appellees:

Without a stipulation for compensation, a trustee created by the appointing power is not, in this State, entitled to any.

This is the common law, and the law of this State. Hill on Trustees, 574, (1889); Perry on Trusts, sec. 940; 2 Lewin on Trusts, 627; *Robinson* v. *Pett*, 3 P. Wms. 251; *Huggins* v. *Rider*, 77 Ill. 360; *Hough* v. *Harvey*, 71 id. 72; *Constant* v. *Matteson*, 22 id. 546.

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

The question presented by this record is, whether a trustee who accepts and performs the trust, without any contract or stipulation of the parties, or any provision in the order of court appointing him, for compensation for his services, is entitled to compensation for care bestowed and for time expended in executing the trust.

The rule laid down in the text-books is, "that a trustee is not entitled to compensation for personal trouble and loss of time." (Perry on Trusts, 904-906; Hill on Trustees, 889; 2 Lewin on Trusts, 627.) And such seems to be the rule established by the English courts of equity, although in the later cases exceptions to that general rule have been more frequent in cases where the court can find, from the attending circumstances, that both parties expected that compensation would be made. (2 Story's Eq. Jur. 1268, and cases cited; authorities *supra*.) The rule applied, not only to trustees so called, but also to all who held a fiduciary relation, as executors and administrators, mortgagees in possession, receivers and guardians, and to officers, directors and trustees of corporations. The rule is based upon the well recognized principle, upon which courts of equity invariably act, that the trustee should execute the trust for the benefit of the *cestui que trust*, alone, and that he shall derive no profit by reason of the trust. And the rule was adopted and enforced for the reason, that while, in a particular case, the allowance of compensation might be justly made, and the estate not be charged with more than it might otherwise have to bear, yet the adoption of the con-

trary rule would have the tendency to tempt the trustee to disregard the interest of the beneficiaries, and lead, in general, to the consequence of loading the estate for the benefit of the trustee, by pretenses of care, trouble and loss of time,—thus placing the trustee in a position, which equity forbids, where his personal interests would conflict with the performance of his duty,—and it is held that in this there was no hardship upon the trustee, for he might choose whether he will accept the trust or not. So a trustee might refuse to accept appointment by a court, unless provision was made for proper compensation, and if he undertook the trust with the understanding that upon subsequent application compensation would be allowed, the court may, at the proper time, ascertain and allow the same. *Brocksopp* v. *Barnes*, 5 Madd. 90 ; *Morrison* v. *Morrison*, 4 M. & C. 215 ; English note to *Robinson* v. *Pett*, 2 L. C. in Eq. 417.

By this well settled rule, the services of a trustee, in the absence of a provision for compensation in advance, are to be performed as a gratuity, without regard to the advantage that may result from his superior care, skill and diligence in the management of the trust estate.

We are aware that in many of the States of the Union, and in the Federal courts, a different rule prevails ; but the law, as established by the courts of equity in England, in respect of compensation of conventional trustees, has been so long and firmly established in the jurisprudence of this State that it ought not to be changed by judicial determination. As said by the Appellate Court, the rule has been applied in all its strictness in this State, whenever the question has arisen. (See *Constant* v. *Matteson*, 22 Ill. 546 ; *Hough* v. *Harvey*, 71 id. 72 ; *Huggins* v. *Rider*, 77 id. 360.) In some of the States the right of mere conventional trustees to compensation has been fixed by statute, while perhaps in all, as in this State, laws have been passed allowing compensation of trustees required by law to be appointed, such as executors and administrators, guardians,

conservators and assignees of insolvent estates; and it is now universally held in this country, that receivers, being the arm of the court to execute its orders in respect of the property of which the court has taken control, may be allowed compensation out of the fund in his hands. In some, and perhaps a majority, of the States, where remuneration has been provided by statute to those to whom the law entrusts the care and management of the estates of lunatics, infants, deceased persons, insolvents, and the like, the courts, by an equitable construction, have extended the right to voluntary or conventional trustees, when the agreement, deed, will or order of appointment is silent. (See American note to *Robinson* v. *Pett, supra.*) And this view is pressed upon us in this case with great force. But it must be answered, regardless of what our views might be if the question was an open one in this State, that the same statutes now in force, or others in every respect identical in effect, were in force when each of the decisions of this court referred to upon this question, was rendered, and manifestly were not regarded by the court as controlling. Notwithstanding these statutes, this court adopted, and has since adhered to, the common law rule.

Appellant's trusteeship falls clearly within the rule, and while he would be entitled to have allowed him all money actually expended, in good faith, for the preservation of the trust fund, if any, he can recover nothing for his personal or professional services in respect of his trusteeship. His claim for compensation as trustee, as well as for attorney's fees for professional services rendered during the continuance of the trust, were properly disallowed by the court. Hill on Trustees, 890; Perry on Trusts, 904, and cases *supra.*

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*