REBECCA BOYD *et al.*

*v.*

J. E. McCONNELL *et al.*

*Opinion filed April 20, 1904.*

1. WILLS—*meaning of "credible witnesses," as used in statute relating to attestation of wills.* A "credible witness," within the meaning of section 2 of the Statute of Wills, referring to attestation, means one who is not disqualified from giving testimony generally, or who, by reason of interest or other disqualifying cause under the statute, is not incompetent to testify upon the matter involved.

2. SAME—*it is presumed that party offered as a witness is competent.* It is presumed that one offered as a witness is competent to testify, and the burden is upon the party objecting to state and prove the grounds of his objection.

3. SAME—*test of disqualifying interest of witness to a will.* The test of the interest of a subscribing witness in a will is whether he will either gain or lose financially as the direct result of the proceeding to establish the will, or whether the record will be legal evidence for or against him in some other action.

4. SAME—*trustees of college are competent witnesses to will though the college is a beneficiary.* Trustees acting without compensation for a corporation organized for educational purposes are not disqualified from testifying as subscribing witnesses to a will by reason of the fact that the college is one of the beneficiaries of the will.

5. SAME—*trustee not entitled to compensation unless will makes provision therefor.* Unless a will makes provision for compensation for the services of a trustee thereunder he is not entitled to compensation, and has, therefore, by reason of his trusteeship, no interest in the will such as disqualifies him as a subscribing witness.

6. SAME—*when trustee is not disqualified on ground that the record will be admissible against him.* The record of a judgment admitting a will

to probate, though admissible in an action against one who acted as a trustee thereunder, to show the probate of the will, has no tendency to show any breach of duty by the trustee, and hence the latter is not disqualified as a subscribing witness because the record might be used for or against him in a subsequent action.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN A. GRAY, Judge, presiding.

GEORGE M. BOYD, and MELVIN A. KIDDER, for appellants.

HANNA & CLENDENIN, and SAFFORD & GRAHAM, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This record presents the question whether or not it was correctly ruled by the circuit court that W. T. Campbell and E. J. Blair were competent attesting witnesses to the will of Mary A. Graham, late of Warren county, deceased.

The will contained, among others, the following bequests:

"I devise, give and bequeath to the Monmouth College five hundred dollars ($500.) I give, devise and bequeath to the Monmouth Hospital five hundred dollars ($500) should the said hospital be in full working condition, receiving and caring for patients, at the time of my decease, if not, the money shall be paid to E. J. Blair, M. D., (without bond,) to hold in trust for said institution until such time as in his judgment the said hospital is fully equipped for caring for patients and actively at work. If, after three years after the above named money shall have come into the possession of Dr. E. J. Blair, the said Monmouth Hospital (the Monmouth Hospital is to be interpreted a general hospital under the care and control of the physicians and citizens of the city of Monmouth, in the county of Warren and State of Illinois,) is not fully equipped as described above, then the said Dr. E. J. Blair shall pay the full amount of the five hundred dollars

($500) to the board of church extension and to the board of education of the United Presbyterian Church of North America, in equal shares."

The evidence disclosed that at the time of the making of the will and the attestation thereof the attesting witnesses, W. T. Campbell and E. J. Blair, were members of the board of trustees of Monmouth College, to which institution the bequest of $500 was given, and that the E. J. Blair, M. D., to whom the bequest to the Monmouth Hospital was to be paid in the event the hospital should not be in "full working condition" at the time of the death of the testator, is the same E. J. Blair who signed the will as an attesting witness. The evidence further showed that the Monmouth Hospital was not in full working condition, receiving and caring for patients, at the time of the death of the said Mary A. Graham.

Section 2 of chapter 148, entitled "Wills," (3 Starr & Cur. Stat. p. 4026,) requires that all wills shall be attested in the presence of the testator by "two or more credible witnesses." A "credible witness" means a witness who is not, for any legal reason, disqualified from giving testimony generally, or by reason of interest or other disqualifying cause, under our statute, incompetent to testify in respect of the particular subject matter under investigation. (*Sloan* v. *Sloan,* 184 Ill. 579.) The presumption is that one offered as a witness is competent to testify, and the burden is therefore upon one who objects, to state and prove the grounds of his objection. (*Campbell* v. *Campbell,* 130 Ill. 466.) The ground of objection here urged as to these witnesses is, that they are both interested as members of the board of trustees of Monmouth College, and that the witness Blair is by the will constituted a trustee of the fund bequeathed primarily to the Monmouth Hospital, and in the event of the hospital failing to become entitled thereto, bequeathed to the board of church extension and board of education of the United Presbyterian Church of North America, in

equal shares. It is also urged that the witness Blair is charged with the discharge of active duties as a trustee under the will, and is bound to exercise ordinary prudence and diligence in the discharge of such duties, and is answerable for losses, deficiencies or injuries arising from affirmative or negative violations of such duties.

We are unable to see that either of the witnesses will either profit or lose financially as the direct legal effect and operation of the admission of the will to probate or the rejection thereof. Monmouth College is a corporation organized for educational purposes and Monmouth Hospital is a corporation organized for charitable purposes. The board of church extension and the board of education of the United Presbyterian Church are organized and maintained for the furtherance of religious education and other purposes religious in their nature. Neither of these organizations was created or is maintained for pecuniary profit. It appeared in the evidence neither Campbell nor Blair, as trustee of the college, received any compensation. Campbell was secretary of the board of education of the United Presbyterian Church and received compensation for such clerical services, but we find nothing in the testimony to indicate that his compensation would be increased or diminished or at all affected if, under the alternative of the will, the bequest of $500 should be received by and divided between the board of education and the board of church extension of the said church. Nor is there any proof in the record to show that the permanency of his position as secretary depended upon bequests or devises in wills or on donations or gifts to the board of education. The will made no provision for the payment of compensation to Dr. Blair as trustee, and he was therefore not entitled to charge or receive payment for such services. (*Cook* v. *Gilmore,* 133 Ill. 139; *Buckingham* v. *Morrison,* 136 id. 437.) The act of June 17, 1891, (3 Starr & Curt. Stat. 1896, chap. 148, par. 22, p. 4046,) which provides that compensation may

be allowed to trustees appointed by a will though no provision is made in the will for compensation, by the express language of the enactment has no reference to trustees of trusts for charitable purposes. Neither Blair nor Campbell could, therefore, have compensation for his services as trustee under the will. They had, therefore, no pecuniary interest in the bequests. An interest in the furtherance of the educational and religious purposes that the bequests were intended to aid no doubt existed in the minds of the trustees, but the interest which will constitute a disqualifying cause of objection must be pecuniary in its nature. (See 1 Greenleaf on Evidence, sec. 386.) The true test of the interest of a witness is that the witness will either gain or lose financially as the direct result of the proceeding, or that the record will be legal evidence for or against him in some other action. (1 Greenleaf on Evidence, sec. 390.)

In the supposititious event suggested by counsel for the appellants that if Blair should, as trustee under the will, come into possession of the bequest to the hospital, and it should be alleged he had affirmatively violated some of the duties imposed on him as trustee and suit should be instituted to recover for a loss alleged to have been thereby occasioned to the funds in his hands, counsel urge the will and the record of its probate would be admissible in evidence either for or against him in such action, hence it is argued he is incompetent for the reason the record in the case of the proceeding to probate will be legal evidence against him in another action. In some cases the record of judgments may be received in evidence against others than the parties, as when a judgment is entered against a master for the negligence of his servant the judgment is admissible in a suit by the master against the negligent servant. The record of a judgment entered against a master for the negligence of his servant or act of an agent is admissible in evidence in a subsequent proceeding by the master against the

servant or agent to prove the fact that such a judgment had been rendered for such an amount and on such and such allegations. (1 Greenleaf on Evidence, sec. 404.) In *Galena and Chicago Union Railroad Co.* v. *Welch*, 24 Ill. 31, and *Chicago and Rock Island Railroad Co.* v. *Hutchins*, 34 id. 108, which were actions against employers to recover for the negligence of the employees, the employees were held to be incompetent to testify as witnesses for the reason the record in the case would be admissible in any action that the employers might in the future bring against the employees, respectively, to recover the amount which the employers had been required to pay, under the doctrine of *respondeat superior*. In *Bruner* v. *Battell*, 83 Ill. 317, a bill in chancery was filed to compel specific performance of a contract calling for the sale of land, and the question arose whether an agent of Battell, the vendor, was a competent witness to testify to an alleged payment by the vendee. It was held the agent was incompetent because of the fact the vendee had died, but we there said that if the cause depended on the question whether the agent had been guilty of some tortious act or negligence in respect of which he would be liable over to the principal, he would be incompetent because the record of the suit would be evidence against him in any such future action. But the judgment admitting a will to probate, though admissible in an action against one who had acted as a trustee under the will for the purpose of showing the fact of the probate of the will, would have no tendency to show any improper deflection of the funds held in trust or any other violation of duty or delinquency on the part of the trustee. Mr. Blair was not, therefore, incompetent on the ground the record might be used for or against him in such other action.

The court did not err in holding said Campbell and Blair were competent attesting witnesses to the will.

The judgment will be affirmed.

*Judgment affirmed.*