THE METROPOLITAN LIFE INSURANCE COMPANY, Appellant, *vs.* WILLIAM I. KINSLEY *et al.* Appellees.

*Opinion filed October 27, 1915.*

SOLICITORS' FEES—*court of equity cannot allow solicitor's fee to party filing a bill of interpleader.* Under the rule in Illinois that a court of equity, in exercising its discretion in awarding costs, must confine that discretion to the fees authorized by statute, a court of equity has no power to allow a solicitor's fee to the party filing a bill of interpleader, notwithstanding the court finds that the bill is properly filed. (*Chapin* v. *Dake,* 57 Ill. 295, followed.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

HOYNE, O'CONNOR & IRWIN, (CARL J. APPELL, of counsel,) for appellant.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill of interpleader filed in the superior court of Cook county by appellant, setting forth that one Mary Kinsley, recently deceased, held three policies of insurance in said insurance company, in the sums of $164, $500 and $189, respectively, and admitting liability thereon but stating that certain of appellees claimed they were

269 – 34

entitled to the proceeds. On a hearing the court entered a decree, which, as afterwards modified, found that the bill was properly filed and allowed appellant to deposit in court the amount due under said policies of insurance, and certain "mortuary bonuses," but refused to allow $50 as attorney's fees for the said appellant. From that decree an appeal was prayed to the Appellate Court, the only question raised there being the same as the one raised here. The Appellate Court affirmed the decree of the trial court on that question but granted a certificate of importance, and this appeal was thereupon perfected to this court.

The sole question in this record is whether a court of chancery, under its general equitable powers, can allow solicitor's fees to a party filing a bill of interpleader, as contended by appellant. The general rule has always prevailed in this State that solicitor's fees could not be taxed as costs in chancery suits without statutory authority; that while a court of equity had discretion in awarding costs it must confine that discretion to the fees authorized by statute. (*Constant* v. *Matteson,* 22 Ill. 546; *Conwell* v. *Mc-Cowan,* 53 id. 363; *Hutchinson* v. *Hutchinson,* 152 id. 347; *Wilson* v. *Clayburgh,* 215 id. 506.) In accordance with this rule, before the statute was passed permitting the allowance of solicitor's fees in partition causes, this court repeatedly refused to allow such fees to be charged as costs. (*Strawn* v. *Strawn,* 46 Ill. 412; *Eimer* v. *Eimer,* 47 id. 373; *Campbell* v. *Campbell,* 63 id. 502; see, also, *Kilgour* v. *Crawford,* 51 Ill. 249, and *Lilly* v. *Shaw,* 59 id. 72.) Although the rule is to the contrary in many other jurisdictions in this country, (2 Perry on Trusts,—6th ed.—secs. 916-918,) this court refused, under its general chancery powers, following the old English rule, to allow compensation to trustees for their time and trouble in caring for trust estates unless there was a provision for compensation in advance. *Cook* v. *Gilmore,* 133 Ill. 139; *Buckingham* v.

*Morrison,* 136 id. 437.  See, also, as bearing on this question, *Boyd* v. *McConnell,* 209 Ill. 396, *Roby* v. *Chicago Title and Trust Co.* 194 id. 228, and *Rieker* v. *City of Danville,* 204 id. 191.

In *Chapin* v. *Dake,* 57 Ill. 295, this court refused to allow solicitor's fees on a bill of interpleader, the principle involved being identical with that in the cases heretofore cited.  This case has never been overruled.  We are well aware that not only in the Federal courts but in certain other jurisdictions in this country a different rule prevails, as is shown by the numerous cases cited by counsel for appellant, but the law has been so long and firmly established in the jurisprudence of this State on this question that it ought not now to be changed by the courts without statutory authority.

Counsel for appellant argue that this case does not differ, in principle, from that class of cases (*Heffron* v. *Rice,* 149 Ill. 216; *McAnrow* v. *Martin,* 183 id. 467;) where this court has held that a court of equity, in the absence of statutory authority, could allow a receiver fees for his services.  In our judgment, cases of that class are plainly distinguishable from the case before us.  The authority of courts of equity to fix the compensation of their own receivers results necessarily from the relation which the receiver sustained to the court, he being its officer or agent, deriving his functions only from that source.  (High on Receivers,—3d ed.—sec. 781.)  To uphold the contention of appellant on this question would be to overrule, in effect, the conclusions reached in a long line of decisions heretofore cited.

The judgment of the Appellate Court will be affirmed.
*Judgment affirmed.*