# John C. Patterson, Appellant, v. Northern Trust Company et al., Appellees.

## Gen. No. 22,798.

1. JUDGMENT, § 443*—*when bill for accounting does not ask for relief other than that subject of adjudication in judgment and decrees in previous litigation.* A bill by a beneficiary against a trustee asking for an accounting and charging other defendants, including solicitors for the trustee, in vague terms with fraud and conspiracy, construed, and *held* that the main design and purpose of complain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant, under the guise of charges of fraud and conspiracy, was to attack a previous decree of the court and reopen matters definitely adjudicated in previous decisions to which complainant and principal defendants were parties.

2. EQUITY—*when court may dismiss frivolous or vexatious bill on motion.* Where a bill by a beneficiary against a trustee for an accounting, and against other defendants, including solicitors for the trustee, charges such other defendants in vague terms with fraud and conspiracy for the purpose of attacking a previous decree and reopening many matters, including the right to an accounting which had been definitely adjudicated in numerous prior decisions to which complainant and defendants were parties, the court, in the exercise of its inherent power to protect itself and the principal defendants against a multiplicity of actions and harassing and vexatious litigation, may dismiss the bill on motion.

3. COSTS, § 5*—*what may be allowed and taxed as costs.* Only items of costs designated by the statute can be allowed and taxed as costs by the court, with exception that a trustee seeking construction of an ambiguous will may be allowed costs, including solicitor's fees, payable out of the estate.

4. TRUSTS, § 201*—*when trustee not entitled to solicitor's fees.* In a suit for an accounting. although the suit is a vexatious proceeding, designed to attack a previous decree and to reopen matters adjudicated in prior decisions in which the complainant and the trustee and other defendants were parties, the trustee, although acting in good faith, will not be entitled to solicitor's fees.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 9, 1917. Rehearing denied October 20, 1917.

JOHN C. PATTERSON, *pro se.*

OLIVER & MECARTNEY and JOHN S. BROWN, for appellees.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from a decree dismissing a bill of complaint at complainant's costs on motion of certain defendants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Patterson v. Northern Trust Co., 207 Ill. App. 355.

The decree finds "that the said bill of complaint and the matters therein contained and set forth are insufficient, scandalous, impertinent, irrelevant, frivolous and vexatious, and a clear and palpable abuse of the process and offices of this court," and "have heretofore been finally adjudicated by the final decrees of the courts of this State," and that said bill was filed in violation of an injunction of the court.

The motions to dismiss were supported by an affidavit which sets forth previous litigations affecting and adjudicating substantially all material matters constituting the basis of this proceeding. The cases in which they were involved may be found in vols. 132, pp. 63 and 208; 139 p. 681; 170 p. 501; 184 p. 549; of the reports of this court, and in vols. 230 p. 334; 231 p. 22; 238 p. 601; and 265 p. 263 of the Supreme Court reports.

It would extend this opinion to unreasonable length and dignify what the court properly characterized as "frivolous and vexatious" and as an abuse of its process were we to reiterate here and discuss the numerous allegations in the bill justifying such findings. To do so would require not only quoting much of a long and more or less incoherent and unintelligible pleading that bears little resemblance in form or substance, outside of its character as a bill for an accounting, to any known bill for equitable relief, but a repetition of the matters forming the basis of the decisions reported as aforesaid. We shall not undertake such a review.

The prayer of the bill asks for an accounting by the Northern Trust Company, as trustee by virtue of a certain deed of trust under which complainant is one of the beneficiaries, but no specific relief against other defendants (most of whom were solicitors for said company or the Shedds in prior litigation with

complainant) whom the bill charges in vague terms with fraud and conspiracy.

But the design of the bill is manifestly an attack, under an improper form and with insufficient allegations more or less scandalous and impertinent, upon a decree entered pursuant to the directions of this court in *Johnson v. Northern Trust Co.,* 184 Ill. App. 549, affirmed in 265 Ill. 263. Comparing its averments with the subject-matter, judgments and decrees of previous litigation described in said affidavit, it is clearly apparent that under the guise of such charges of fraud and conspiracy the main design and purpose of complainant is to attack the decree directed by this court as aforesaid and reopen many matters, including the right to an accounting, that have been definitely adjudicated in this long line of decisions to which he and the principal defendants were parties. This is so obvious, when the bill is read in the light of said affidavit, that the court was justified in exercising its inherent power to protect itself and the principal defendants against a multiplicity of actions and harassing and vexatious litigation, by dismissing the bill on motion. (*Stewart v. Butler,* 27 N. Y. Misc. 708, 59 N. Y. Supp. 573; 20 Encyc. Pl. & Pr. pp. 44, 51, 61, 70, 74; *Edmonds v. Attorney General,* 47 L. J. Ch. (1878) 345; *Barrett v. Day,* L. R. 43 Ch. 449; *Burstall v. Beyfus,* L. R. 26 Ch. 38; *Macdougall v. Knight,* L. R. 25 Q. B. Div. 10 (1890); *Metropolitan Bank v. Pooley,* 54 L. J. H. of L. 449.) In the cases cited is found ample authority for the doctrine that every court of justice possesses the inherent power to protect itself from the abuse of its own process, and may resort to the summary remedy of dismissing a cause of action that is frivolous or vexatious.

There is no serious attempt in appellant's brief to defend the bill against the court's findings. We shall, therefore, not undertake to point out in detail the many particulars justifying its dismissal.

What was said in the *Edmonds* case, *supra,* is pertinent to the case at bar: "Where you find a litigant like Mr. Edmonds, who will have recourse to such a series of vexatious and improper litigation as he has had recourse to, and when a decision has been given against him, will persist in treating it as a mere nullity, * * * when such a litigant is found, I think it a most wholesome doctrine that any court should have the power of stopping such litigation."

Cross errors are assigned both by the Northern Trust Company and appellee Edward A. Shedd to the denial of their respective motions to tax solicitor's fees against the complainant.

The denial of these motions was based on the decisions of *Metropolitan Life Ins. Co. v. Kinsley,* 269 Ill. 529; *Goudy v. Mayberry,* 272 Ill. 54, and the cases cited therein, particularly *Wilson v. Clayburgh,* 215 Ill. 506, wherein the court said: "It has been repeatedly held in this State that nothing can be allowed and taxed as costs by the clerk or the court but items of cost designated by the statute to be so allowed and taxed." In the *Kinsley* case, *supra,* the court recognized that a different rule prevailed in certain other jurisdictions but added that the law of this state on the subject "had been so long and firmly established * * * that it ought not now to be changed by the courts without statutory authority."

It is urged by counsel for the trustee that these cases did not involve the right of a trustee to solicitor's fees, and they cite cases recognizing the principle of indemnifying trustees for necessary expenses incurred, including solicitor's fees, from the estate of a *cestui que trust,* where they have faithfully executed their trust. In this connection and as authority for distinguishing cases involving trustees from those of other litigants, reference is made to the case of *Waterman v. Alden,* 144 Ill. 90, a case of an accounting

where the expenses of litigation were apportioned between a trustee and other parties to the decree and included fees for the trustee's solicitor. The opinion in that case discusses more particularly the equity of the apportionment than the principle here involved, and cannot in view of the explicit language of the court in the more recent cases above cited be deemed controlling authority upon this subject. In the *Wilson* case, *supra,* the court recognized but one exception to the rule in this State, namely, where a trustee seeks construction of an ambiguous will. While there is much reason in the contention that the principle of the exception is equally applicable to other cases involving a trust fund where a trustee acting in good faith is a party, particularly where a vexatious proceeding like that at bar is instituted against him by a *cestui que trust,* we think the language of the decisions cited precludes this court from extending the principle or recognizing any other basis than the statutes for taxation of costs (with the exception noted) whoever the parties or whatever the character of the proceeding. The decree will be affirmed.

*Affirmed.*