Elizabeth A. Curran, Plaintiff, v. Harris Trust and Savings Bank, Defendant.

Harris Trust and Savings Bank, Counterplaintiff-Appellee v. Elizabeth A. Curran, Thomas D. Nash, as Administrator of Estate of Helen Carlin, Deceased, Louise McGough and Margaret Mahan, Counterdefendants. Appeal of Thomas D. Nash, Administrator of Estate of Helen Carlin, Deceased, Appellant.

Gen. No. 46,221.

Opinion filed May 11, 1954.
Released for publication June 3, 1954.

CLARK & FISHER, of Chicago, for appellant; WILLIAM E. MORAN, of Chicago, of counsel.

CHAPMAN & CUTLER, and ECKERT, PETERSON & LOWRY, of Chicago, for appellee; ROSCOE C. NASH, KEEHN

Landis, Walter W. Ross, Jr., and Robert G. Schloerb, all of Chicago, of counsel.

Mr. Justice Robson delivered the opinion of the court.

This is an interpleader action arising out of the counterclaim filed by counterplaintiff Harris Trust and Savings Bank. After the trial court entered the final decree of interpleader, an order was entered allowing counterplaintiff $1,725 for its attorneys' fees and $273.62 for its costs and expenses. This is an appeal taken by counterdefendant Thomas D. Nash, administrator of the estate of Helen Carlin, deceased, from said order. On a prior interlocutory appeal, *Curran v. Harris Trust and Savings Bank*, 348 Ill. App. 210, this court sustained an order of the trial court denying counterdefendant's motion to strike counterplaintiff's amended and supplemental counterclaim for interpleader and injunction.

The sole issue that is raised on this appeal is the propriety of the order of the trial court allowing counterplaintiff its attorneys' fees and expenses.

The essential facts for the decision of this point are that in counterplaintiff's amended and supplemental counterclaim the only reference made to any claim by it for said fees and expenses is in the prayer for relief which reads as follows:

"4. That the counterplaintiff be allowed its just costs, disbursements and allowances herein out of said sum of $21,905.65."

The final decree required the counterplaintiff to deposit the sum of $22,387.44. This deposit was made subject to the rights, if any, of counterplaintiff in said sum to be reimbursed for costs, fees and expenses. It will be noted that the first mention of the word "fees" was in the decree. The decree allowed counterplaintiff leave to file its petition for reimbursement for costs,

396

fees and expenses within five days and the parties of record were given leave to answer within fifteen days. It reserved jurisdiction in the court for the purpose of determining any issues raised by such petition. Counterplaintiff filed its petition pursuant to the decree and alleged that the funds involved in the interpleader, which were deposited with the court, had been held by counterplaintiff in a savings account. Under the signature card which was signed, it was agreed to abide and be governed by the by-laws of the counterplaintiff applicable to the savings deposits. Included as a part of its passbook was a copy of the by-laws, the pertinent parts upon which counterplaintiff bases its claim for fees and costs reading as follows:

"The bank shall have a lien on all items handled by it, and on the proceeds thereof for its charges, expenses (including court costs and attorney's fees) and any advances made by it in connection therewith.

"In the event that the bank is made a party in any legal proceeding between any person for whose account it holds any money or property or to whom it is indebted and third persons, such person must indemnify and reimburse the bank for all costs, charges, and expenses including reasonable attorney's fees, incurred by it as a result of such litigation, and the bank shall have a lien on all such money and property for the amount of any and all costs, charges or expenses so incurred."

Counterdefendant on January 27, 1953, filed a motion to vacate the final decree of interpleader supported by affidavit which stated that by reason of the claim for lien as alleged in counterplaintiff's petition, the counterplaintiff had alleged facts contrary to the findings of the decree; that the decree should be set aside to permit the court to determine whether or not the counterplaintiff claimed any interest in the fund. This motion was denied and counterdefendant filed his

answer to counterplaintiff's petition for fees, costs and expenses, denying that counterplaintiff was entitled to such fees, costs and expenses, and stating that the court had no power to allow attorneys' fees to counterplaintiff and that only statutory costs could be assessed.

The principal case cited by counterdefendant in support of his contention is *Metropolitan Life Insurance Co. v. Kinsley,* 269 Ill. 529, in which the sole question before the court was whether a court of chancery under its general equitable powers can allow solicitor's fees to a party filing a bill of interpleader. The court said on page 530:

"The general rule has always prevailed in this State that solicitor's fees could not be taxed as costs in chancery suits without statutory authority; that while a court of equity had discretion in awarding costs it must confine that discretion to the fees authorized by statute. (*Constant v. Matteson,* 22 Ill. 546; *Conwell v. McCowan,* 53 Ill. 363; *Hutchinson v. Hutchinson,* 152 Ill. 347; *Wilson v. Clayburgh,* 215 Ill. 506.) In accordance with this rule, before the statute was passed permitting the allowance of solicitor's fees in partition causes, this court repeatedly refused to allow such fees to be charged as costs. (*Strawn v. Strawn,* 46 Ill. 412; *Eimer v. Eimer,* 47 Ill. 373; *Campbell v. Campbell,* 63 Ill. 502; see, also, *Kilgour v. Crawford,* 51 Ill. 249, and *Lilly v. Shaw,* 59 Ill. 72.) Although the rule is to the contrary in many other jurisdictions in this country, (2 Perry on Trusts,—6th ed.—secs. 916–918,) this court refused, under its general chancery powers, following the old English rule, to allow compensation to trustees for their time and trouble in caring for trust estates unless there was a provision for compensation in advance. *Cook v. Gilmore,* 133 Ill. 139; *Buckingham v. Morrison,* 136 Ill. 437. See, also, as bearing on this question, *Boyd v. McConnell,* 209 Ill. 396, *Roby v.*

*Chicago Title and Trust Co.,* 194 Ill. 228, and *Rieker v. City of Danville,* 204 Ill. 191.

"In *Chapin v. Dake,* 57 Ill. 295, this court refused to allow solicitor's fees on a bill of interpleader, the principle involved being identical with that in the cases heretofore cited. This case has never been overruled. We are well aware that not only in the Federal courts but in certain other jurisdictions in this country a different rule prevails, as is shown by the numerous cases cited by counsel for appellant, but the law has been so long and firmly established in the jurisprudence of this State on this question that it ought not now to be changed by the courts without statutory authority."

██ On the basis of this decision counterdefendant's contention that counterplaintiff is entitled only to costs properly assessed would appear to be correct. Counterplaintiff contends, however, that the parties by agreement may provide for the allowance of attorneys' fees and expenses in an interpleader action and that this is an exception to the rule of law as announced in *Metropolitan Life Insurance Co. v. Kinsley, supra.* It cites *Women's Catholic Order of Foresters v. Hill,* 191 Ill. App. 629, in support of its theory. There plaintiff filed its bill of interpleader to determine which of several claimants were entitled to the proceeds of an insurance policy. This is an abstract decision but an examination of the record shows that in its complaint it cited its by-laws and asked for attorney's fees and reasonable costs. No question was raised as to the right of interpleader, but only as to who was entitled to the proceeds of the insurance policy. In an additional opinion the court discussed *Metropolitan Life Insurance Co. v. Kinsley, supra,* and held that the parties by contract could agree that reasonable solicitor's fees may be deducted in case an interpleader becomes necessary.

In the instant case, no mention was made by counterplaintiff in its amended counterclaim of the by-laws of the bank under which it contends it is entitled to attorneys' fees and reasonable expenses. The first mention of attorneys' fees was in the decree and this was not in conformance with the prayer in the amended counterclaim. In the petition for fees and expenses filed by it pursuant to the decree, the counterplaintiff for the first time states that its claim for fees and expenses is based on the by-laws which were included as a part of its agreement with the depositor and set forth in the savings deposit passbook. In the opinion we rendered on the former appeal we found that the amended counterclaim satisfied the four requirements of interpleader, one of which is that the counterplaintiff neither had nor claimed any interest in and to the subject matter of the action. We were not there called upon to determine whether the provision of its by-laws giving it a lien on the savings deposit for attorneys' fees and expenses was such an interest as might prevent it from maintaining interpleader. If counterplaintiff desired to claim a lien for attorneys' fees and expenses, it should have so alleged in its amended counterclaim. This might have affected our decision on the former appeal. It has been held that the doctrine of *res judicata* embraces not only what has properly been determined in the former suit but also all matters which might properly have been raised and determined. *Skidmore v. Johnson,* 334 Ill. App. 347; *Godschalck v. Weber,* 247 Ill. 269; *South Park Commissioners v. Montgomery Ward & Co.,* 248 Ill. 299. We are of the opinion that the case of *Women's Catholic Order of Foresters v. Hill, supra,* is not in point and, therefore, we are not deciding whether we agree with its conclusion.

We conclude that, counterplaintiff having failed to allege in its amended counterclaim for interpleader its claim under its by-laws for a lien on the fund involved for attorneys' fees and expenses, the order of the trial court allowing the sum of $1,725 for attorneys' fees and $273.62 for costs and expenses was in error. The order of the trial court is reversed and the cause remanded with directions to enter an order allowing counterplaintiff Harris Trust and Savings Bank such sum as may properly be assessed by it as costs in this proceeding.

*Order reversed and cause remanded with directions.*

SCHWARTZ, P. J., concurs.
TUOHY, J., took no part.