MARY A. STORTZ, Appellee, *vs.* SEBASTIAN RUTTIGER, Appellant.

*Opinion filed April 19, 1911.*

1. PARTITION—*when objection that complainant is not entitled to an accounting comes too late.* An objection that the complainant in a bill for partition and accounting is not entitled to an accounting for rents and profits for the period of the defendant's occupancy of the premises comes too late when made on appeal, there being no objection to the master's report on that ground.

2. SAME—*commissioners have no power to recommend the payment of owelty.* While a court of equity may decree payment of owelty in a partition proceeding in order to equalize the shares of the parties the power to do so is in the court, and unless ordered by the decree the commissioners can only divide the premises equally between the parties according to their respective interests, and cannot make an unequal division and recommend payment of owelty to equalize it. (*Ames* v. *Ames,* 160 Ill. 599, distinguished.)

3. SAME—*what does not cure error of commissioners' report.* Where the commissioners appointed to make partition are not authorized to make an unequal division and recommend the payment of owelty, error in their report making such division and recommendation is not cured by the hearing of the affidavits of the parties on objections to the report and the overruling of the objections and the approval of the report.

4. SAME—*when complainant is not entitled to have solicitor's fees taxed as costs.* Complainant in a partition suit is not entitled to have her solicitor's fees taxed as costs and paid by the parties in proportion to their interests, where the defendant in good faith denied the complainant's identity as a person interested in the land, she having been absent and unheard of for forty years, and defended the suit on that ground as well as contesting in good faith the question of accounting.

APPEAL from the Circuit Court of Will county; the Hon. CHARLES B. CAMPBELL, Judge, presiding.

S. J. DREW, for appellant.

EDWARD CORLETT, and GEORGE J. CLARE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a suit brought by appellee, against appellant, for the partition of sixty-six acres of land in Will county. Joseph Mouck died intestate in August, 1882, seized in fee and possessed of the land in controversy. He left surviving him three sons and appellee as his only heirs-at-law, who became seized, by inheritance, each of the undivided one-fourth part of the premises. One of the sons died in 1883, unmarried and without leaving any issue surviving him, but leaving his two brothers and the appellee his only heirs-at-law, who thereafter became the owners in fee each of the undivided one-third of said premises. Subsequently the two surviving sons, John Mouck and George Mouck, were adjudged insane by the county court of Will county and Barnabas Hortung was appointed conservator of the said John and George Mouck and of their estates. In 1889 said conservator, by order and decree of the county court of Will county, sold the undivided two-thirds of said premises to Sebastian Ruttiger, appellant, and he went into possession of the whole of the sixty-six acres owned by Joseph Mouck at the time of his death and has had the possession and enjoyment thereof until the commencement of this suit. In 1855 appellee, on account of some disagreement with her father, with whom she was living at that time in Joliet, left home and went to Chicago. During the next year or two she made occasional brief visits to the city of Joliet and then went to live at Leavenworth, Kansas. In 1867 or 1868 she visited her father and other acquaintances in the city of Joliet for the period of about two weeks. After

that time she was never heard of again by her relatives or acquaintances until a short time before this bill was filed, on the 24th of May, 1909, when she returned to Will county. During her long absence her brothers had all died and there were not many people remaining in the community who knew her when she had formerly lived there. She made a demand upon appellant for a division of the real estate of which her father died seized, and he expressed a willingness to divide the land with her if she would establish her identity and pay him for the improvements he had made. Appellee also asked an accounting for rents, and appellant denied any liability to make any such account. Thereupon this bill was filed for partition and for an accounting for the rents and profits of the land. Appellant answered the bill, admitting he acquired the undivided two-thirds of the premises by purchase from the conservator of the two insane sons. In his answer appellant averred he had no knowledge whether appellee was the daughter of Joseph Mouck, and asked that she be required to make strict proof that she was such daughter. The answer admitted appellant had been in the possession of all the premises since December 16, 1889, but denied any liability to account to appellee, and averred that appellant had improved the land by tiling, cultivating, fencing and erecting buildings thereon at an expense of $8000, and during all that time he had paid all taxes assessed against said real estate. A hearing was had before the court on November 20, 1909, and a decree entered finding that appellee was a daughter of Joseph Mouck, deceased; that she was the owner of the undivided one-third and appellant of the undivided two-thirds of said sixty-six acres of land, and that appellee was entitled to a division and partition thereof as prayed in her bill of complaint. The decree found that appellant was liable to account to appellee for the rents and profits of her interest in the premises and that appellee was liable to account to appellant for the improvements

he had made and for the taxes paid on said lands. The cause was thereupon referred to the master in chancery to take the account between the parties and report the amount with which either of them should be charged. By the decree the appointment of the commissioners to make partition was reserved until the coming in of the master's report. The master heard the evidence of the respective parties and reported that one-third of the fair rental value of the premises during the time appellant was in possession was $1430; that one-third of the enhanced value of the premises by reason of the improvements placed thereon by the appellant was $1430, and that appellant during the time he was in possession of the land had paid taxes thereon amounting to $888, and that one-third of that amount ($296.23) was chargeable to and should be paid by appellee. Both parties filed objections to the master's report. The only objection to the report made by appellant was that the finding of the master as to the enhanced value of the premises on account of improvements made by the appellant was too low. The master overruled all objections and they were renewed as exceptions before the court. All exceptions were overruled by the court and a decree entered finding the amount due appellee for rents was offset by the amount due appellant for improvements and that the appellee is chargeable to the appellant with $296.23, being one-third of the taxes paid by him, which sum, in the event of partition being made, should be paid to the appellant by appellee. Commissioners were appointed to partition the premises according to the respective interests of the parties as set forth in the decree. The commissioners reported that they had allotted and set off to appellant forty-four acres, particularly describing the same, and to appellee twenty-two acres, particularly describing the same. They further reported that the premises were not susceptible of any other division without manifest prejudice to the parties in interest, and that in order to make the division fair and equitable between them,

appellant should be required to pay to appellee as owelty $1166. In accordance with the directions of the decree the premises upon which the buildings were situated were set off to appellant. To this report appellant filed several objections, the substance of them being that the commissioners did not follow the decree of the court, that the appellee was given more than her fair share of the land and that the commissioners were not authorized to provide for the payment of owelty. These objections were overruled by the court and a decree entered confirming the report of the commissioners. By this decree the appellee was allowed a solicitor's fee of $500 to be taxed as costs, one-third to be paid by appellee and two-thirds to be paid by appellant.

This appeal by defendant below not being from the decree for partition does not properly bring up that decree for review, but as the whole record may be brought here for review by writ of error, and as appellant has assigned error on the decree for partition and both parties have fully argued the correctness of that decree, we are disposed to treat the case as though the record had been brought to this court by writ of error instead of by appeal.

In our opinion the evidence warranted finding that appellee is a daughter of Joseph Mouck, deceased, and is the owner of the undivided one-third of the premises and entitled to partition thereof. We think, also, there was no error in the approval of the master's report as to the rental value of the premises and the enhanced value thereof by reason of the improvements made by appellant. No question is made as to the correctness of the amount of taxes found to have been paid by appellant. The finding that appellant was liable to account for the rents and profits was justified by the law and the evidence. Besides, no objections were made to the master's report on that ground in the court below and it is too late now to raise that question for the first time.

It is objected that the commissioners appointed to make partition exceeded their authority and did not follow the directions given them by the decree. The decree directed the commissioners to take the oath to fairly and impartially partition the land according to the rights of the respective parties, if partition could be made without prejudice to their interests, and, after doing so, to go upon the land and partition the same, assigning to each party his or her share, quantity and quality relatively considered, and if they found the premises so circumstanced that partition could not be made without manifest prejudice to the parties in interest, they were ordered to value each piece or parcel separately and make report thereof to the court. No mention is made of owelty in the decree. The commissioners reported they could make no other division than the one they had made, and that in order to make the partition fair and equitable between the parties, quantity and quality relatively considered, apppellant should pay appellee $1166 as owelty. While this court has held a court of equity may decree a pecuniary sum as owelty in order to equalize the shares of the parties in a partition, (*Field* v. *Leiter,* 117 Ill. 341; *Cooter* v. *Dearborn,* 115 id. 509; *Ames* v. *Ames,* 160 id. 599;) the power to do this is in the court and not the commissioners. Before an unequal partition can be ordered made and equalized by awarding owelty it must be so ordered by the court, and where the parties do not agree, the amount of owelty must be fixed and determined by the court. Unless otherwise ordered by the decree the commissioners must divide the premises equally between the parties according to their respective rights, and if they cannot do that without prejudice to the parties they cannot make partition but must value each tract or parcel and so report to the court. "The court must see that the requirement of owelty is equitably necessary, that the amount required is fair, and that its payment is not so imposed upon a party as to be unreasonably burdensome, considering both

the condition of the property and the party." (*Updike* v. *Adams*, 24 R. I. 220; 96 Am. St. Rep. 711.) The owelty decreed in *Ames* v. *Ames, supra,* originated in the report of the commissioners appointed to make the partition but no objection was made on that ground. The only objection made was as to the power of courts to order the payment of owelty in any case for the purpose of equalizing the estate, and it was said it had been previously decided by this court that courts of equity did have such power. The report of the commissioners was unauthorized and erroneous. True, affidavits of the respective parties were read to the court on the hearing of appellant's objections to the report, and after the hearing the court overruled the objections and approved the report; but this did not cure the error of the report, as the commissioners had no authority, under the decree, to make an unequal division and recommend that it be equalized by the payment of owelty.

We are of opinion the court erred in allowing complainant a solicitor's fee to be taxed as costs and paid by the parties in proportion to their interest in the land. Appellee had not resided in Will county for more than fifty-four years, and for forty-two years or more had not been heard of by any of her friends or relatives. She was a stranger to the appellant. When she appeared and claimed a part of this estate appellant denied her identity and defended the suit, in part, on the ground that she was not the daughter of Joseph Mouck, and contends here that the proof is not sufficient to support her identity as his daughter. On the question of an accounting of rents and profits and as to what allowance should be made to appellant for improvements and payment of taxes there was serious controversy. One of the solicitors for the appellee testified that prior to the beginning of the suit he had conferred with appellant and also with the solicitor for appellant, but that they were unable to agree as to the rights and interests of the parties. The defense interposed by appellant

was of a substantial character and was made in good faith. Under this state of the record appellee was not entitled to have her solicitor's fees taxed as costs. *McMullen* v. *Reynolds,* 209 Ill. 504; *Jones* v. *Young,* 228 id. 374.

In so far as the decree confirms the report of partition and allows appellee a solicitor's fee to be taxed as costs it is reversed. In all other respects it is affirmed. The cause will be remanded for further proceedings in accordance with the views herein expressed.

*Affirmed in part, reversed in part and remanded.*