Marilyn Chamness, a Minor, by Lawrence Chamness, Her Father and Next Friend, Plaintiff, v. Joe Dawson, Defendant.

Gen. No. 64–22.

Fifth District.

August 25, 1964.

Leonard J. Dunn, of West Frankfort, for appellant.

Robert S. Hill, of Benton, Franklin, Garrison & Bleyer, of Marion, for appellee.

REYNOLDS, J.

This is an appeal from an order of the Circuit Court of Franklin County allowing guardian ad litem fees to Robert S. Hill, in the amount of $375, taxing $250 of the fees against the plaintiff.

Marilyn Chamness brought suit against Joe Dawson for personal injuries. Both plaintiff and defendant were minors. Plaintiff sued by her father and next friend, and Robert S. Hill, an attorney was appointed guardian ad litem of the minor defendant, Joe Dawson. The personal injury suit was tried and the jury returned a verdict for the plaintiff in the amount of $4,000. Plaintiff appealed this judgment on the grounds that it was grossly inadequate. The Appellate Court affirmed the judgment. Thereupon, Attorney Robert S. Hill filed his petition for guardian ad litem fees which were allowed as above stated.

The guardian ad litem fees are based upon legal services of Robert S. Hill in preparing and presenting the case for the appellee in the Appellate Court. In this appeal, Chamness v. Dawson, 44 Ill App2d 176, 194 NE2d 538, it appears from the report that defendant's attorney and his guardian ad litem appeared for the appellee.

■ Unquestionably, Robert S. Hill, is entitled to fees for his services as guardian ad litem. The question raised on this appeal is whether the plaintiff can be taxed for such fees.

The case of Fulwiler v. Welch, 92 Ill App 443, involved a suit for construction of a deed. Some of the defendants were minors and a guardian ad litem was appointed for the minor defendants. The guardian ad litem was an attorney and when the case was appealed, prepared brief and argument to the Supreme Court. Afterwards the guardian ad litem presented his motion

in the Circuit Court for the allowance of guardian ad litem fees for work in the appeal. The court held that guardian ad litem fees are costs, and the Circuit Court had no power to tax an unsuccessful complainant the fee of a guardian ad litem for services rendered by him in behalf of the minor defendants in the Supreme Court.

In the case of Hutchinson v. Hutchinson, 152 Ill 347, 38 NE 926, will contest, the court held that as a general rule in Illinois, solicitors' fees and experts' fees can not be taxed as costs against unsuccessful litigants in chancery suits, and that the discretion of the chancery courts in awarding costs in such cases is confined to statutory allowances.

In Baughman v. Baughman, 215 Ill App 620, it was held that a guardian ad litem might act as his own solicitor, but an attorney who acts as both guardian ad litem and solicitor for a minor party is not entitled to an allowance of fees in each capacity.

In Ritter v. Ritter, 381 Ill 549, 46 NE2d 41, the court held that the rule in Illinois is well established that attorney fees and ordinary expenses and burdens of litigation are not allowable to the successful party in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing the allowance thereof, and this rule applies equally in courts of law and in courts of equity.

In the case of Curran v. Harris Trust & Sav. Bank, 2 Ill App2d 395, 119 NE2d 483, the court in affirming the law as laid down in Metropolitan Life Ins. Co. v. Kinsley, 269 Ill 529, 109 NE 1011, held that the general rule in Illinois is that solicitor's fees could not be taxed as costs in chancery suits without statutory authority; that while a court of equity has discretion in awarding costs, it must confine that discretion to the fees authorized by statute. In Illinois, trustees are not allowed compensation for their time and trouble in caring for trust estates unless there was a provision

for compensation in advance. Cook v. Gilmore, 133 Ill 139, 24 NE 524; Buckingham v. Morrison, 136 Ill 437, 27 NE 65; Boyd v. McConnell, 209 Ill 396, 70 NE 649. Solicitor's fees for a bill of interpleader were refused in the case of Chapin v. Dake, 57 Ill 295.

In this case while the Circuit Court allowed the guardian ad litem fees as costs in the cause, they were clearly solicitor's fees and not within the court's power to tax as costs. If, the fees should be allowed, the court had no power to tax them or part of them against the plaintiff. They would have to be allowed against the minor defendant Joe Dawson. And if allowed, they could only be allowed as reasonable guardian ad litem fees, not as solicitor's fees.

The judgment of the Circuit Court will be reversed and remanded with instructions to set aside that portion of the judgment assessing and taxing the fees of the guardian ad litem against the plaintiff Marilyn Chamness.

Reversed and remanded with directions.

DOVE, P. J. and WRIGHT, J., concur.