CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO, Plaintiff-Appellee, v. MARSHALL C. SPIEGEL, Defendant-Appellant (Leonard A. Nelson, Appellee).

First District (3rd Division) No. 86—0842

Opinion filed March 18, 1987.

Joel M. Hellman, of Chicago, for appellant.

Mayer, Brown & Platt, and Schoenberg, Fisher & Newman, Ltd., both of Chicago (Scott J. Davis, Kevin C. Aiston, and Leonard A. Nelson, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Marshall Spiegel appeals from an order of the trial court awarding appellee, attorney Leonard Nelson, fees and costs in the amount of $4,065.90. The award was granted for Nelson's work in a previous appeal in which Spiegel challenged, among other things, an earlier fee award for Nelson's services as guardian *ad litem* of the unborn beneficiaries of the Oscar Spiegel Trust. Spiegel contends that the second award of fees was improper because Nelson had an undisclosed conflict of interest and because Nelson was simply acting to protect his earlier award of fees and not benefiting the unborn beneficiaries.

This is the third appeal to this court arising out of this cause of action. The Oscar Spiegel Insurance Trust was created in 1972 and Continental Bank was named as the corporate trustee of the trust. Marshall Spiegel was the sole beneficiary and became co-trustee upon reaching the age of 25 in 1981. Upon becoming the co-trustee, Spiegel attempted to remove Continental as trustee and demanded that the trust assets be turned over to him. Continental was allowed to interplead seeking judicial construction of the trust and claiming that the trust required Continental to turn the assets over to a succeeding corporate trustee. On Continental's motion, the trial judge, Judge Reginald Holzer, appointed a guardian *ad litem* to represent the interests of Spiegel's unborn children. Nelson was later appointed as successor guardian to represent these interests.

On Continental's interpleader, the trial court ruled that the trust required appointment of a successor corporate trustee. The court also awarded Nelson's predecessor as guardian fees and costs in the amount of $4,787.50. Spiegel appealed the rulings, and on December

7, 1983, in a Rule 23 order (87 Ill. 2d R. 23), we affirmed both rulings of the trial court.

On remand from the first appeal, the trial court granted Nelson fees for work done on the appeal. Spiegel appealed from this award of fees, and on April 10, 1985, in another Rule 23 order, we affirmed the award of fees to Nelson. Shortly after the second appeal was decided, Judge Holzer was indicted and was no longer assigned to the matter.

On December 10, 1985, Nelson filed a petition for additional fees for work done on the second appeal. Spiegel objected to Nelson's petition for fees on the grounds that it had just been learned that Nelson was indebted to Continental and because of this undisclosed conflict of interest, Nelson was not entitled to serve as guardian. Spiegel also moved to vacate all of the orders which had been entered by Judge Holzer on the grounds that the judge also had outstanding loans from Continental which had not been disclosed by the judge or Continental and that Judge Holzer should have recused himself from the case.

On January 24, 1986, the judge assigned to the case granted additional fees to Nelson. On March 11, the trial court denied Spiegel's motion to vacate all of Judge Holzer's orders. On Spiegel's motion for reconsideration of the order as to Nelson's fees, the trial court confirmed its intent to assess the fees against Spiegel personally. Spiegel filed a timely notice of appeal challenging both the award of fees to Nelson and the denial of the motion to vacate Judge Holzer's orders.

■ At appellee's request, this court denied Spiegel's motion for leave to withdraw and voluntarily dismiss from this appeal that part of the trial court's order refusing to vacate the orders entered by Judge Holzer. In his opening brief, Spiegel expressly stated that he wished to withdraw that part of his appeal and made no argument regarding the orders entered by Judge Holzer. In his reply brief, however, Spiegel challenges the trial court's denial of his motion to vacate Judge Holzer's orders. Consistent with Supreme Court Rule 341 and the cases interpreting this rule, any points not argued by appellant in the opening brief are waived and shall not be raised in the reply brief, at oral argument, or on petition for rehearing. (87 Ill. 2d Rules 341(e), (f); *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 416 N.E.2d 785.) We recognize that this waiver rule is not a limit on our jurisdiction. However, any exception to the rule would be inappropriate in a case such as this, where Spiegel, by filing a motion to dismiss this portion of the appeal and by not raising the issue in his opening brief, has chosen not to address the issue on appeal. We therefore hold that Spiegel's argument challenging the trial court's refusal to vacate all orders entered by Judge Holzer, argued for the first time in Spiegel's reply

brief, is waived.

To reach Spiegel's contention regarding the award of fees to Nelson, we find Nelson's argument that Spiegel waived appeal of this issue to be without merit. It is clear that Spiegel intended to challenge Nelson's right to fees. Spiegel filed an objection to Nelson's petition for fees and objected to the trial court regarding Nelson's right to fees during a hearing on Nelson's petition and Spiegel's motion to vacate all previous orders.

■ Spiegel contends that any award of fees to Nelson should be vacated because of Nelson's failure to disclose a conflict of interest. Spiegel maintains that because Nelson had an outstanding loan from Continental, he could not adequately represent the interests of the unborn beneficiaries. In our estimation, Spiegel has not demonstrated the existence of an adversarial or conflicting nature in the relationship between Continental and Nelson or the unborn heirs. Furthermore, the alleged conflict between the interests of Nelson and Continental are speculative at best due to the unrelated nature of the transactions involved. Nelson simply had an outstanding mortgage from Continental, a major participant in the highly regulated practice of lending. There is no evidence of any relation between this mortgage and practices of Continental's Trust Department. Any possible conflict would be so far removed from the issues in this case that it cannot require disqualification of Nelson as guardian *ad litem*. We fail to see how the exercise of Nelson's professional judgment would be impaired because of his loan from Continental. In sum, Spiegel has failed to demonstrate how Nelson's indebtedness is a conflict of interest or breach of fiduciary duty which would disqualify him from serving as guardian *ad litem*.

■ Spiegel next contends that Nelson's award of fees for his work in the second appeal was improper since this work consisted only of defending his own attorney fees arising out of the previous appeal. Spiegel concedes that by statute, the court may properly award fees for services as guardian *ad litem*, but claims that since Nelson was simply defending a previous court award of fees, and was not providing any service for the unborn heirs, he is not entitled to the subsequent award for such services.

As Spiegel correctly notes, Nelson's right to fees cannot be established by *res judicata* since we have not ruled on Nelson's right to fees for the second appeal and Spiegel raises the new issue of an alleged conflict of interest. Nevertheless, we believe that Nelson is entitled to fees for the services he rendered. Both of our previous decisions in this cause affirmed awards of fees to either Nelson or his

predecessor as guardian *ad litem*. In the first appeal we relied on statute (Ill. Rev. Stat. 1981, ch. 110, par. 2–501) to uphold the award of fees to Nelson's predecessor for defending the interests of unborn beneficiaries. We also noted that the award of fees to the guardian is a matter of discretion for the trial court and will not be disturbed absent an abuse of that discretion. In the second appeal, we found that the trial court's award of fees and costs to Nelson for services rendered in the first appeal was proper. Nelson now seeks fees for the services rendered in that appeal and we similarly find that Nelson is entitled to such fees.

It is irrelevant that at the time of the second appeal, Nelson had been relieved of his duties as guardian *ad litem*. Nelson was still entitled to protect the fees that had previously been awarded him by the trial court for services rendered when he was guardian.

Spiegel also claims that Nelson should not be allowed fees since he provided no additional benefit for the unborn beneficiaries in the second appeal and he was only acting to settle a personal claim with Spiegel. Review of our decision in the second appeal reveals that in addition to contesting the fees awarded to Nelson for work in the first appeal, Spiegel raised other issues. He challenged the propriety of Nelson's appointment as guardian. Spiegel maintained that the trial court was constrained to appoint a corporate trustee to represent the unborn heirs pursuant to the trust agreement. We disposed of this argument since the court's power to appoint a guardian was derived not from the trust agreement, but from the statute. The second appeal did not only contest Nelson's award of fees. Rather, Nelson was required to defend his appointment, as well as the other holdings of the first appeal, for the benefit of the unborn beneficiaries.

Spiegel also argues that the fees awarded to Nelson are better characterized as attorney fees than guardian *ad litem* fees and, therefore, are not recoverable. In support of this contention, Spiegel cites the cases of *Chamness v. Dawson* (1964), 51 Ill. App. 2d 221, 201 N.E.2d 257, and *Baughman v. Baughman* (1919), 215 Ill. App. 620, 119 N.E. 49. In *Chamness*, the court held that the trial court should not have allowed guardian *ad litem* fees as costs in the cause since the fees were actually solicitor's fees and not within the court's power to tax as costs. There, an attorney previously appointed as guardian *ad litem* for a minor defendant appeared for defendant in the appeal of a personal injury action. Here, Nelson's only purpose was to represent the unknown heirs to the trust.

■ Similarly, the *Baughman* court held that where it was impossible to distinguish between solicitor's fees and guardian *ad litem*

fees, it was improper to tax any fees as costs. In *Baughman* and in *Chamness*, it was clear that the attorney served as a solicitor for the minor as well as guardian *ad litem*. In the present case, Nelson served only as guardian *ad litem* for the unborn beneficiaries and then was required to act as an attorney simply to protect the fees previously awarded by the court for his guardian services.

■ Spiegel finally contends that it was improper to assess the fees against him personally as opposed to charging the income of the trust. The record indicates that the original order granting fees to Nelson assessed the fees against the trust. Spiegel then filed a motion for reconsideration and expressly asked to have the order changed to reflect the intention of the trial court as to the source of the fees. The court acted upon Spiegel's request and he cannot now be heard to challenge this order, especially in light of the fact that this issue too was not raised by Spiegel until submission of his reply brief.

We therefore hold that the original award of fees was authorized by statute. The subsequent awards, those upheld in the second appeal and those being affirmed by this opinion, were both guardian *ad litem* fees incurred to protect the unborn heirs and fees generated to protect Nelson's earlier court awards. We find no reason to require Nelson to pay his own fees as the result of these appeals. A holding to the contrary would have the effect of reducing the original award to which Nelson is entitled by requiring him to pay out of his pocket to protect such an award. Such a result would be inequitable and we therefore uphold the trial court's award of fees to Nelson, to be paid by Spiegel personally.

For the foregoing reasons, the judgment of the circuit court of Cook County awarding fees to Leonard Nelson and denying Marshall Spiegel's motion to vacate all orders entered by Judge Holzer in this case is affirmed.

Judgment affirmed.

RIZZI and WHITE, JJ., concur.